UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN CRAWFORD #193496,

Plaintiff,

Hon. Robert J. Jonker

v.

Case No. 1:24-cv-854

HEIDI WASHINGTON, et al.,

Defendants.
______________________________/

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

The Court has returned this matter to me in light of Plaintiff's belated motion for an extension of time to respond to Defendants' motion for summary judgment. In particular, the Court remanded for consideration of Plaintiff's motion and a new Report and Recommendation (R&R). (ECF No. 50.) Subsequently, I granted Plaintiff's motion for relief from judgment (construed as a motion for an extension of time) and directed that Plaintiff's proposed response be accepted as filed. (ECF No. 51.) In addition, I granted Defendants an opportunity to reply, which they have done. (ECF No. 52.) Having reviewed both Plaintiff's response and Defendants' reply, I adhere to my prior recommendation in the June 15, 2026 R&R that the Court grant Defendants' motion for summary judgment. Because the following supplements my prior analysis, familiarity with the June 15, 2026 R&R is assumed.

## I. Personal Involvement

Plaintiff fails to present evidence creating a genuine issue of material fact regarding Defendants' personal involvement. As the previous R&R noted, Defendants Depue and James, as Corrections Officers, had no authority to maintain the lift, to remove it from service, or to turn it back on. Rather, such decisions are made by the Control Center or the DRF Maintenance

Department. (ECF No. 44 at PageID.307.) Neither Defendant Depue nor Defendant James was involved in returning the lift to service; there is no evidence that they had any involvement in doing so or were even aware when it was done. Defendant Rewerts was not informed that the lift had been returned to service before the motor had been repaired. Finally, no Defendant was present in the housing unit at the time Mr. VanFleteren from Otis Elevator Company inspected the lift, nor were they present in the 800 unit when Plaintiff used the lift and had his accident. (*Id.* at PageID.309.)

Plaintiff's response points to no evidence, and offers no argument, supporting Defendants' personal involvement in the alleged constitutional violation. (ECF No. 46-1 at PageID.333.) Rather, Plaintiff simply offers the conclusory assertion that "Defendants had sufficient personal involvement." (*Id.*) Having failed to sufficiently develop the argument, Plaintiff has waived the issue. *See Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) ("It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)). Thus, the Court may grant Defendants' motion on the ground of lack of personal involvement.

## II. Objective Component

I also conclude that Plaintiff has failed to show that the objective component of his claim is satisfied. As an initial matter, Plaintiff takes issue with Defendants' analysis of the video evidence and, therefore, the analysis set forth in the prior R&R. However, Plaintiff's argument is unpersuasive. Plaintiff contends that the analysis of the video—which involves closely viewing its details—lacks "scientific rigor" (ECF No. 46-1 at PageID.334), but Plaintiff fails to explicate what

scientific methodology is required to accurately interpret events clearly shown in a video.[1] In short, Plaintiff fails to demonstrate that the video evidence does not contradict his version that the lift began to descend *after* the front wheels of his wheelchair were outside of the lift, causing him to flip backward. It is clear that the lift had dropped before Plaintiff attempted to exit and that the front wheels of the wheelchair had not left the lift prior to Plaintiff tipping backwards. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

To satisfy the objective component, a plaintiff must prove that the risk of harm "was serious enough to violate the Eighth Amendment." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). Plaintiff contends that the objective component is satisfied because the malfunctioning lift presented "obvious and significant risks of harm" (ECF No. 46-1 at PageID.335), which he details as: (1) the lift descending while the front wheels of a wheelchair are off of the lift and on the base while back wheels remain on the descending lift, causing the wheelchair to flip; and (2) potential injury to a wheelchair user attempting to negotiate a gap between the lift floor and the building floor caused by the sinking lift. (*Id.* at PageID.335–36.) Only the second scenario occurred here.

In *Walton v. Marcy*, No. 2:24-CV-12945, 2025 WL 332535 (E.D. Mich. Jan. 29, 2025), a prisoner sued an MDOC recreational director for injuries he sustained while using a defective exercise machine. The plaintiff alleged that he had informed the defendant of a loose wire on the machine that could cause serious injury, but the defendant failed to fix it. The plaintiff alleged that he was injured when the wire "snapped," causing him to fall off the machine and injure his neck

[1] Plaintiff's response begins to explain "the technical problems" with Defendants' assertion regarding the location of Plaintiff's feet in relation to the front wheels of his wheelchair, but the response fails to finish the point. (ECF No. 46-1 at PageID.335.) The Court cannot speculate about what Plaintiff intended to, but did not, convey in his response.

and back. *Id.* at *1. In considering whether the plaintiff alleged an Eighth Amendment claim, the court compared the circumstances to those at issue in *Rhodes v. Michigan*, 10 F.4th 665 (6th Cir. 2021), in which the Sixth Circuit found that a laundry porter's duties requiring her to handle laundry carts weighing up to 400 pounds and prone to tipping because they could be up to six feet tall satisfied the objective component of the plaintiff's Eighth Amendment claim alleging that she was injured when a laundry cart being unloaded from a truck fell and struck her. *Id.* at *3 (discussing *Rhodes*). The court found the circumstances "not *Rhodes*" because "[w]hile an exercise machine with a 'loose wire' may present the possibility of injury, it does not objectively pose a substantial or excessive risk of serious harm sufficient to state a constitutional violation of the prisoner's rights, like the 400-pound laundry carts that were prone to tip in *Rhodes*." *Id.* at *4. In addition, the court found that the plaintiff's choice to use the machine despite his knowledge of the loose wire undermined his assertion that the wire presented a sufficiently dangerous condition to support an Eighth Amendment claim. *Id.* (citing *Fitzgerald v. Corrections Corp. of Am.*, No. 08-cv-1189, 2009 WL 1196127 (D. Colo. Apr. 30, 2009)).

I find the circumstances here closer to those in *Walton* than in *Rhodes*. The condition of the lift "*could* [have] pose[d] a hazardous condition of some kind," as in *Walton*, 2025 WL 332535, at *4, but it did not present the same level of risk as the 400 pound laundry carts prone to tipping in *Rhodes*. The lack of evidence showing that Plaintiff suffered a serious injury as a result of the malfunctioning lift, as set forth in the prior R&R, supports this conclusion. It is also noteworthy that Plaintiff was aware of the potential risks associated with the malfunctioning lift, as he claims that he and another prisoner told Defendant Depue that "something needed to be done before somebody got hurt in the elevator." (ECF No. 46-5 at PageID.381.) It is undisputed that wheelchair-bound prisoners such as Plaintiff had another option besides the elevator to reach the upper floor of the unit when the lift was broken (ECF No. 46-2 at PageID.358–59), although it is

not clear whether that option was available to Plaintiff. Regardless, as the video evidence shows, despite his knowledge that the lift was not level with the base floor and that other prisoners and prison staff were nearby and available to assist him, Plaintiff attempted to exit the lift on his own by attempting to lift his wheelchair up and onto the higher surface, which led to his fall. Given these circumstances, Plaintiff fails to show an objectively serious risk of harm.

## III. Subjective Component

I also conclude that Plaintiff fails to establish the subjective component of his claim. Under the subjective component, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This requires a plaintiff to show that (1) the defendant subjectively perceived facts from which to infer a substantial risk of harm to the prisoner; (2) the defendant did in fact draw the inference; and (3) the defendant disregarded the risk. *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016).

As set forth in the prior R&R, Defendants were not responsible for removing the lift from service, maintaining it, or returning it to service, and it is undisputed that no Defendant was present in Unit 800 on August 17, 2023 when the accident occurred. Plaintiff presents no evidence that any prisoner had ever been injured in any manner as a result of the lift malfunctioning, nor has he shown that Defendants had any reason to believe that a prisoner might injure himself while attempting to exit the lift in the same manner as Plaintiff. *See Johnson v. Campbell*, 25 F. App'x 287, 288 (6th Cir. 2001) ("Johnson did not . . . allege that the defendants knew of and disregarded the risk that actually caused his accident. At most, the defendants were negligent for allowing Johnson to work in conditions in which his accident was possible."); *Wheatley v. Ford*, No. 5:18-CV-P117, 2019 WL 2997840, at *3 (W.D. Ky. July 9, 2019) ("There are no allegations even suggesting that any Defendant knew of and disregarded the risk that actually caused his accident.").

It is undisputed that Defendant Rewerts was never informed that the lift had been turned back on before a new motor was installed. (ECF No. 43-2 at PageID.159–60.) Plaintiff contends that a reasonable jury could still find him deliberately indifferent because Rewerts made regular rounds in the housing units at DRF and Devon VanFleteren of Otis Elevator Company testified that the motor was so hot that it was actually smoking when he arrived on the service call. (ECF No. 46-1 at PageID.331, 341–42.) This argument lacks merit because there is no evidence that Rewerts actually encountered the smoking condition on any visit to the 800 unit and there is no indication that the smoking condition had anything to do with Plaintiff's accident. Because speculation is insufficient to defeat a motion for summary judgment, this argument lacks merit. *See Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008) (stating that a plaintiff may not survive summary judgment by "rely[ing] on conjecture or conclusory allegations"); *Grizzell v. City of Columbus Div. of Police*, 461 F.3d 711, 724 (6th Cir. 2006) (stating that "mere personal beliefs, conjecture and speculation" are insufficient to support an inference). Thus, Plaintiff fails to show that Defendant Rewerts was aware of and disregarded an excessive risk of injury to Plaintiff.

Plaintiff's sole basis for arguing that CO Depue ignored a substantial risk of harm to Plaintiff is that he assisted another prisoner from the lift who was inside when it sank. (*Id.* at PageID.342–43.) Plaintiff further asserts that CO Depue failed to notify the control center or take any action to avoid potential future injuries. (*Id.* at PageID.343.) But even taking these assertions as true, they fail to show that CO Depue disregarded an excessive risk of harm to Plaintiff. Plaintiff does not contend that the other prisoner suffered an injury, nor does he show that the circumstances would have alerted CO Depue to an excessive risk of harm. Plaintiff's evidence shows, at most, ordinary negligence, which is insufficient to support an Eighth Amendment claim. *See Wilson v. Seiter*, 501 U.S. 294, 305–06 (1991).

Finally, Plaintiff does not contend that Defendant James did anything to contribute to his alleged injuries. (*Id.* ("Defendant James' liability in this case is not based on his failures prior to the incident. Instead, Mr. James' liability arises from his subsequent conduct." (footnote omitted).) That is, Plaintiff asserts that James can be held liable because he required Plaintiff to use the lift to exit the housing unit *after the incident* instead of allowing him to use the ramp. (*Id.* at PageID.344.) Plaintiff alleges no injury as a result of Defendant James's conduct. Thus, his actions fail to sustain an Eighth Amendment claim. *See Thomas v. Erdos*, No. 1:16-cv-793, 2018 WL 3716894, at *5 (S.D. Ohio Aug. 3, 2018), *adopted by* 2018 WL 6061209 (S.D. Ohio Nov. 20, 2018) ("Because there is no evidence that plaintiff suffered a physical injury or a sexual assault as the result of Oppy's actions or failure to act, plaintiff cannot pursue a claim against Oppy under the Eighth Amendment."); *Catanzaro v. Mich. Dep't of Corrs.*, No. 08–11173, 2009 WL 4250027, *12 (E.D. Mich. Nov. 19, 2009) (noting that "an Eighth Amendment deliberate indifference claim must be grounded in an actual physical injury").

**Conclusion**

Accordingly, for the foregoing reasons, as well as those set forth in the prior R&R, I recommend that the Court **grant** Defendants' motion for summary judgment (ECF No. 42) and **dismiss** this action **with prejudice**.

Dated: September 14, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).